UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

MICHAEL CUNNIFF,

        Plaintiff,

vs.

CHRISTIE SCHADE, individually,
JUNELL SHIELDS, individually (f/k/a
JUNELL MOREJON), STEVEN
HIGGINS, individually, CHRISTOPHER
TROIANO, individually, and the CITY
OF FORT LAUDERDALE, a Florida
Municipal corporation,

        Defendants.

_____/

## COMPLAINT
## INTRODUCTORY STATEMENT

1.      This is a civil action seeking money damages in excess of $15,000 dollars, exclusive

of costs, interest, and attorney's fees, against Defendant CHRISTIE SCHADE, individually,

Defendant JUNELL SHIELDS, individually, Defendant STEVEN HIGGINS, individually,

Defendant CHRISTOPHER TROIANO, individually, and Defendant CITY OF FORT

LAUDERDALE, a Florida Municipal corporation.

2.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution.  The United States District Court for the

Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331

and 28 U.S.C. § 1343.   Plaintiff further invokes the supplemental jurisdiction of the United States

District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C.

§1367(a).

3.      Plaintiff has complied with all conditions precedent by to this action pursuant to the requirements of Florida Statute § 768.28.

### PARTIES

4.      Plaintiff MICHAEL CUNNIFF (hereinafter "Plaintiff") is a resident of Broward County, State of Florida.

5.      At all times referred to herein, Defendant CHRISTIE SCHADE [hereinafter SCHADE or Defendant SCHADE] was employed as a police officer for Defendant CITY OF FORT LAUDERDALE, and was acting under the direction and control of Defendant CITY OF FORT LAUDERDALE, and in such capacity as an agent, servant and employee of Defendant CITY OF FORT LAUDERDALE, and its police department.

6.      At all times referred to herein, Defendant JUNELL SHIELDS, individually (f/k/a JUNELL MOREJON), [hereinafter SHIELDS or Defendant SHIELDS] was employed as a police officer for Defendant CITY OF FORT LAUDERDALE, and was acting under the direction and control of Defendant CITY OF FORT LAUDERDALE, and in such capacity as an agent, servant and employee of Defendant CITY OF FORT LAUDERDALE, and its police department.

7.      At all times referred to herein, Defendant STEVEN HIGGINS [hereinafter HIGGINS or Defendant HIGGINS] was employed as a police officer for Defendant CITY OF FORT LAUDERDALE, and was acting under the direction and control of Defendant CITY OF FORT LAUDERDALE, and in such capacity as an agent, servant and employee of Defendant CITY OF FORT LAUDERDALE, and its police department.

8.      At all times referred to herein, Defendant CHRISTOPHER TROIANO [hereinafter TROIANO or Defendant TROIANO] was employed as a police officer for Defendant CITY OF

FORT LAUDERDALE, and was acting under the direction and control of Defendant CITY OF FORT LAUDERDALE, and in such capacity as an agent, servant and employee of Defendant CITY OF FORT LAUDERDALE, and its police department.

9.     Defendant CITY OF FORT LAUDERDALE [hereinafter CITY or CITY OF FORT LAUDERDALE or Defendant CITY OF FORT LAUDERDALE] is a Florida municipal corporation, organized and existing under the laws of the State of Florida.  In this cause, the CITY acted through its agents, employees, and servants, including Defendant SCHADE, Defendant SHIELDS, Defendant HIGGINS, Defendant TROIANO, and others.

10.     Plaintiff sues Defendant SCHADE, Defendant SHIELDS, Defendant HIGGINS, and Defendant TROIANO in their individual capacities.

## FACTS COMMON TO ALL COUNTS

11.     On January 1, 2012, Plaintiff was living in the downtown Fort Lauderdale area at the Solmar on Sixth apartments (hereinafter "Solmar"), located at 408 NE 6th Street, Fort Lauderdale, Broward County, Florida.

12.     On January 1, 2012, Plaintiff and his roommate Christopher Kapalka (hereinafter "Kapalka"), along with their friend Jonathan Seigel (hereinafter "Seigel"), traveled to Miami Beach to attend the Fountainbleau Live concert on the lawn of the Foutainebleau Hotel.

13.     At the Foutanibleau, Plaintiff was joined by Heather Wasilausky (hereinafter "Wasilausky"), who also lived at Solmar (in a different building).

14.     At the end of the evening, Seigel and Kapalka departed the Foutainebleau Hotel in Kapalka's vehicle and returned to Fort Lauderdale.

15.     Seigel and Kapalka mistakenly believed that Plaintiff and Wasilausky had transportation back to Fort Lauderdale.   They did not.

16.     By the time the mistake was discovered, Seigel and Kapalka were already in Fort Lauderdale.

17.     Plaintiff and Wasilausky thereafter returned to Fort Lauderdale in a taxi (at an expense of approximately $125.00), arriving in the early hours of January 2, 2012.

18.     Upon returning to Solmar, Plaintiff was locked out of his apartment.  Kapalka was inside, sleeping.

19.     Plaintiff and Wasilausky knocked on the front door of Plaintiff's apartment in an effort to awaken Kapalka, but due to concerns that the noise would awaken the residents of the adjacent apartments, Plaintiff walked around to the pool area and attempted to awaken Kapalka from the back of the apartment.

20.     Based on information and belief, the 3-5 minutes of commotion (needed to awaken Kapalka) was heard by Plaintiff's neighbor, Alexandra Lobitz (hereinafter "Lobitz"), who called 911.

21.     At all times material hereto, the back of Plaintiff's apartment and the back of Lobitz's apartment were in close proximity, at 45 degree angles to each other.

22.     Based on information and belief, Lobitz reported the incident as a possible domestic disturbance.  It was not.

23.     Upon awakening Kapalka, Plaintiff and Wasilausky entered the apartment.  There was no domestic violence.

24.     Plaintiff thereupon entered the shower as Wasilausky remained on a couch in the living room area, approximately 15 feet from the front door of the apartment.

25.     Defendant SCHADE and Defendant SHIELDS responded to Lobitz's apartment in reference to her call to 911.  However, Lobitz did not know which apartment was associated with the disturbance and did not see any physical confrontation.  All she could do was point out the

apartment to Defendant SCHADE and Defendant SHIELDS where Lobitz thought the disturbance had come from.  Defendant SCHADE and Defendant SHIELDS did not witness or hear any disturbance, whatsoever.

26.     Upon exiting the shower (approximately 15-20 minutes after returning home), Plaintiff began drying off when he heard Defendant SCHADE and Defendant SHIELDS banging on front door of the apartment.  Plaintiff assumed that whomever was at the front door was responding to the earlier noise caused by Plaintiff's efforts to awaken Kapalka.

27.     Plaintiff then heard a voice outside the front door stating: "Fort Lauderdale police. Open the door."

28.     Plaintiff approached the front door.  Wasilausky remained on the couch.

29.     Plaintiff answered the door only partially dried off from the shower, and wearing only athletic shorts and no shoes.

30.     When Plaintiff opened the door (approximately 12-18 inches), he observed Defendant SCHADE and Defendant SHIELDS.

31.     Plaintiff asked Defendant SCHADE and Defendant SHIELDS "What's going on?" They responded: "You tell us what's going on."

32.     Plaintiff responded that "everything is okay."

33.     The officers replied that "we are not here for the marijuana," which caused Plaintiff considerable alarm, since there was absolutely no marijuana or other contraband inside the Plaintiff's apartment (and none was recovered or placed into evidence), nor was there any smell associated with marijuana or other contraband.

34.     Plaintiff thereafter declined to consent to Defendant SCHADE and Defendant SHIELDS entering into the apartment, whereupon Defendant SCHADE and Defendant SHIELDS

pushed the door open into Plaintiff (thereby forcing Plaintiff into the kitchen).

35.     Defendant SCHADE and Defendant SHIELDS then entered the apartment without consent, a warrant, or probable cause and exigent circumstances.

36.     At all times prior to the unlawful entry by Defendant SCHADE and Defendant SHIELDS, no person reported observing any physical violence.

37.     At all times prior to the unlawful entry by Defendant SCHADE and Defendant SHIELDS, neither Defendant SCHADE and Defendant SHIELDS witnessed a chaotic scene inside the apartment.

38.     At all times prior to the unlawful entry by Defendant SCHADE and Defendant SHIELDS, neither Defendant SCHADE and Defendant SHIELDS observed any violent behavior, or observed evidence of violent behavior.

39.     Plaintiff verbally protested the officers' unlawful entry and told them to leave, as Wasilausky and Kapalka (were now standing together) also verbally protested the officers entry into the apartment and complained that they had done nothing wrong.

40.     From the kitchen, Plaintiff told Kapalka to call the Broward Sheriff's Office.

41.     The officers responded: "Are you incoherent.  We are the Fort Lauderdale Police." Plaintiff replied:   "I know you are the Fort Lauderdale Police, and nobody invited you into our home.  I told you get out."

42.     Defendant SCHADE responded: "Oh, a real smart ass," and asked Defendant SHIELDS: "You think I should arrest him?"  Defendant SHIELDS did not respond.

43.     Plaintiff was then pulled from the small kitchen by Defendant SCHADE and Defendant SHIELDS, who both used (and admitted to using) knee strikes against Plaintiff. Defendant SCHADE also punched (and admitted to punching) Plaintiff in the face.

44.     During the unlawful use of force against Plaintiff, one (or both) of the officers were yelling "stop resisting," when in fact, as both officers knew, Plaintiff never resisted.

45.     At all times material hereto, Plaintiff was a former Florida All-State 6A wrestler at Marjory Stoneman Douglas High School, and was most definitely not resisting.

46.     At all times material hereto, Plaintiff was significantly stronger than Defendant SCHADE and Defendant SHIELDS, but made no efforts to resist or harm either officer (and neither officer was injured).

47.     After Plaintiff was removed from the kitchen, he went to the ground in a starter's position (with his knees, elbows, and forehead against the ground), as Defendant HIGGINS (wearing gloves) and Defendant TROIANO entered the apartment.

48.     Defendant TROIANO used several knee strikes against Plaintiff (which he admitted), as Defendant HIGGINS kicked Plaintiff in the face, causing damage to Plaintiff's tooth.  At all times, Plaintiff had hands against the side of his face attempting to protect himself.  Plaintiff stated: I'm not doing anything," and did not resist.

49.     Wasilausky observed Defendant HIGGINS kick Plaintiff in the face and became hysterical.  By that time, Kapalka was using his cell phone to videotape the unlawful use of force.

50.     Wasilausky approached Defendant HIGGINS and touched Defendant HIGGINS on the area of his back and shoulder and pleaded with Defendant HIGGINS to stop, at which time Defendant SCHADE and Defendant SHIELDS responded by pushed Wasilausky into the kitchen, whereupon Wasilausky was placed under arrest by Defendant SCHADE for interfering with Defendant HIGGINS' excessive use of force against Plaintiff.

51.     After being touched in the area of the shoulder by Wasilausky, Defendant HIGGINS returned to the business of punching Plaintiff's face, as Plaintiff remained in exactly the same

position as before (attempting to cover his face with his hand).  Plaintiff did not resist, even while

being punched by Defendant HIGGINS.  Kapalka continued to videotape the excessive use of force.

52.     As Plaintiff was being punched by Defendant HIGGINS.  Defendant SHIELDS

observed that Kapalka was videotaping Defendant HIGGINS unlawful use of force on a cell phone.

Defendant SHIELDS immediately alighted from the kitchen towards Kapalka and verbally ordered

Kapalka to "turn it off!," whereupon the video recording goes dark as Defendant SCHIELD's hand

reaches the area where Kapalka is standing and recording.

53.     Plaintiff was then handcuffed and dragged from the apartment (and down the hallway)

by Defendant HIGGINS, Defendant SHIELDS, and Defendant SCHADE.

54.     As Plaintiff was being dragged, his athletic shorts came down, thereby exposing

Plaintiff's masculine parts to his neighbors, who exited their apartments as a result of the commotion

caused by Defendant SCHADE, Defendant SHIELDS,  Defendant HIGGINS, and Defendant

TROIANO.

55.     Following Plaintiff's arrest, Defendant SCHADE and Defendant SHIELDS co-signed

police reports for submission to prosecuting authorities contained false statements and material

omissions, in the absence of probable cause that Plaintiff committed any criminal offense.

56.     The police reports co-signed by Defendant SCHADE and Defendant SHIELDS for

submission to prosecuting authorities contained false statements, insofar as the police reports falsely

alleged that during the handcuffing of Plaintiff, he braced and tensed his arms, when in fact, as

Defendant SCHADE and Defendant SHIELDS knew, Plaintiff never physically resisted or opposed

any officer, including Defendant SCHADE and Defendant SHIELDS, other than in self defense, by

placing his right hand against his face in an effort to limit the physical damage and injury inflected

by Defendant HIGGINS during Defendant HIGGINS' unlawful and excessive use of force against

Plaintiff.

57.     The police reports co-signed by Defendant SCHADE and Defendant SHIELDS for submission to prosecuting authorities contained material omissions, insofar as the police reports co-signed by Defendant SCHADE and Defendant SHIELDS alleged that Plaintiff's verbal protests (i.e., "talking and yelling over us") prevented Defendant SCHADE and Defendant SHIELDS from conducing their investigation, but omitted the material fact that it was clearly established law at the time of Plaintiff's arrest that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill*, 107 S.Ct. 2502, 25010 (1987); *D.G. v. State*, 661 So. 2d 75, 76 (Fla. 2nd DCA 1995) (reversing juvenile's conviction for obstruction of justice where juvenile was charged with interfering with burglary investigation "by yelling and by encouraging his mother not to cooperate with the police").

58.     As a proximate cause of the false statements and material omissions contained in the police reports co-signed by Defendant SCHADE and Defendant SHIELDS, Plaintiff was charged by Information with the misdemeanor offense of resisting officer without violence.

59.     On January 29, 2014, Plaintiff filed a "Motion to Dismiss for Unlawful Arrest," alleging that the officers illegally entered Plaintiff's apartment without a warrant and that no crime was committed by Plaintiff.

60.     During an evidentiary hearing on February 4, 2014, Defendant SCHADE and Defendant SHIELDS testified before the Honorable Joseph A. Murphy, III, Broward County Judge. The videotape taken by Kapalka was also admitted into evidence.

61.     On February 7, 2014, Judge Murphy entered an order granting the defense motion to dismiss.    The State of Florida filed a notice of appeal.

62.     On August 25, 2014, the State of Florida voluntarily dismissed the appeal, and on September 4, 2014, Broward County Circuit Court Judge Michael A. Robinson entered an order dismissing the appeal.

63.     On March 26, 2015, the Broward County State Attorney's Office entered a nolle prosequi as to the charge of resisting without violence, and Plaintiff has never been convicted by any prosecuting authority of any offense as a result of his arrest by Defendant SCHADE and Defendant SHIELDS on January 2, 2012.

64.     At all times material hereto, the conduct of Defendant SCHADE and Defendant SHIELDS, Defendant TROIANO, and Defendant HIGGINS, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### UNLAWFUL SEARCH CLAIM AGAINST DEFENDANT SCHADE, INDIVIDUALLY COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SCHADE, individually, in Count I, Plaintiff states:

65.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 64.

66.     Defendant SCHADE entered Plaintiff's apartment without consent, a warrant, or probable cause and exigent circumstances.

67.     The conduct of Defendant SCHADE towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from the warrantless search of his residence.

68.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

69.     As a further direct and proximate result of the conduct of Defendant SCHADE,

individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

      i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

    iii.     Cost of suit;

    iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

    vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## UNLAWFUL SEARCH CLAIM AGAINST DEFENDANT SHIELDS, INDIVIDUALLY COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SHIELDS, individually, in Count II, Plaintiff states:

70.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 64.

71.     Defendant SHIELDS entered Plaintiff's apartment without consent, a warrant, or probable cause and exigent circumstances.

72.     The conduct of Defendant SHIELDS towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from the warrantless search of his residence.

73.     As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

74.     As a further direct and proximate result of the conduct of Defendant SHIELDS, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

     vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT SCHADE, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SCHADE, individually, in Count III, Plaintiff states:

75.     Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 64.

76.     Defendant SCHADE and Defendant SHIELDS proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

77.     The conduct of Defendant SCHADE towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and

42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

78.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

79.     As a further direct and proximate result of the conduct of Defendant SCHADE, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

  i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

  ii.    Judgment for exemplary damages;

  iii.   Cost of suit;

  iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

  v.     Trial by jury as to all issues so triable; and

  vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT SHIELDS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SHIELDS, individually, in Count IV, Plaintiff states:

80.     Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 64.

81.     Defendant SHIELDS and Defendant SCHADE proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

82.    The conduct of Defendant SHIELDS towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

83.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

84.    As a further direct and proximate result of the conduct of Defendant SHIELDS, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V
## EXCESSIVE USE OF FORCE BY DEFENDANT SCHADE, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SCHADE, individually, in Count V, Plaintiff states:

85.    Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 64.

86.     The use of force by Defendant SCHADE towards Plaintiff was objectively unreasonable and unnecessary for Defendant SCHADE to defend herself or any other person from bodily harm during the arrest of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

87.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

88.     As a further direct and proximate result of the conduct of Defendant SCHADE, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**EXCESSIVE USE OF FORCE BY DEFENDANT SHIELDS, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant SHIELDS, individually, in Count VI, Plaintiff states:

89.     Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 64.

90.     The use of force by Defendant SHIELDS towards Plaintiff was objectively unreasonable and unnecessary for Defendant SHIELDS to defend herself or any other person from bodily harm during the arrest of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

91.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

92.     As a further direct and proximate result of the conduct of Defendant SHIELDS, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

      i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.      Judgment for exemplary damages;

      iii.      Cost of suit;

      iv.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.      Trial by jury as to all issues so triable; and

      vi.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VII**

## EXCESSIVE USE OF FORCE BY DEFENDANT HIGGINS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant HIGGINS, individually, in Count VII, Plaintiff states:

93.     Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 64.

94.     The use of force by Defendant HIGGINS towards Plaintiff was objectively unreasonable and unnecessary for Defendant HIGGINS to defend himself or any other person from bodily harm during the arrest of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

95.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

96.     As a further direct and proximate result of the conduct of Defendant HIGGINS, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.      Trial by jury as to all issues so triable; and

      vi.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VIII**
**EXCESSIVE USE OF FORCE BY DEFENDANT TROIANO, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant TROIANO, individually, in Count VIII, Plaintiff states:

97.     Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 64.

98.     The use of force by Defendant TROIANO towards Plaintiff was objectively unreasonable and unnecessary for Defendant TROIANO to defend himself or any other person from bodily harm during the arrest of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

99.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

100.     As a further direct and proximate result of the conduct of Defendant TROIANO, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

      i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.      Judgment for exemplary damages;

iii.    Cost of suit;

iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.    Trial by jury as to all issues so triable; and

vi.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT IX**
**PLAINTIFF'S INVASION OF PRIVACY CLAIM**
**AGAINST DEFENDANT CITY OF FORT LAUDERDALE**

For his cause of action against Defendant CITY OF FORT LAUDERDALE, in Count IX, Plaintiff

states:

101.    Plaintiff realleges and adopts, as if fully set forth in Count IX, the allegations of

paragraphs 1 through 64.

102.    Defendant SCHADE and Defendant SHIELDS entered Plaintiff's apartment without

consent, a warrant, or probable cause and exigent circumstances.

103.    The conduct of Defendant SCHADE and Defendant SHIELDS was objectively

unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was

undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a

person of ordinary sensibilities.

104.    The entry constitutes an invasion upon Plaintiff's physical solitude or seclusion, and

constitutes invasion of privacy under Florida law.

105.    The conduct of Defendant SCHADE and Defendant SHIELDS occurred during the

course and scope of their employment as police officers for Defendant CITY OF FORT

LAUDERDALE.

106.    As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

107.    As a further direct and proximate result of the conduct of Defendant CITY OF FORT LAUDERDALE, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Cost of suit;

    iii.    Trial by jury as to all issues so triable; and

    iv.     Such other relief as this Honorable Court may deem just and appropriate.

### COUNT X
### PLAINTIFF'S INVASION OF PRIVACY CLAIM
### AGAINST DEFENDANT SCHADE, INDIVIDUALLY

For his cause of action against Defendant SCHADE, individually, in Count X, Plaintiff states:

108.    Plaintiff realleges and adopts, as if fully set forth in Count X, the allegations of paragraphs 1 through 64.

109.    Defendant SCHADE, individually, entered Plaintiff's apartment without consent, a warrant, or probable cause and exigent circumstances.

110.    The conduct of Defendant SCHADE was objectively unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

111.    The entry constitutes an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy under Florida law.

112.    Alternatively to the allegations set forth in Count IX, if the conduct of Defendant

SCHADE occurred outside the course and scope of her employment with Defendant CITY OF FORT LAUDERDALE, or in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the invasion of privacy was committed by Defendant SCHADE in her individual capacity.

113.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

114.    As a further direct and proximate result of the conduct of Defendant SCHADE, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XI**
**PLAINTIFF'S INVASION OF PRIVACY CLAIM**
**AGAINST DEFENDANT SHIELDS, INDIVIDUALLY**

For his cause of action against Defendant SHIELDS, individually, in Count XI, Plaintiff states:

115.    Plaintiff realleges and adopts, as if fully set forth in Count XI, the allegations of paragraphs 1 through 64.

116.    Defendant SHIELDS, individually, entered Plaintiff's apartment without consent, a

warrant, or probable cause and exigent circumstances.

117.    The conduct of Defendant SHIELDS was objectively unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

118.    The entry constitutes an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy under Florida law.

119.    Alternatively to the allegations set forth in Count IX, if the conduct of Defendant SHIELDS occurred outside the course and scope of her employment with Defendant CITY OF FORT LAUDERDALE, or in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the invasion of privacy was committed by Defendant SHIELDS in her individual capacity.

120.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

121.    As a further direct and proximate result of the conduct of Defendant SHIELDS, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XII**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT CITY OF FORT LAUDERDALE**

For his cause of action against Defendant CITY OF FORT LAUDERDALE, in Count XII, Plaintiff

states:

122.    Plaintiff realleges and adopts, as if fully set forth in Count XII, the allegations of

paragraphs 1 through 64.

123.    Defendant SCHADE and Defendant SHIELDS proximately caused Plaintiff's arrest

in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

124.    The conduct of Defendant SCHADE and Defendant SHIELDS constitutes false

arrest/false imprisonment of Plaintiff under Florida law.

125.    The false arrest/false imprisonment of Plaintiff by Defendant SCHADE and

Defendant SHIELDS was committed by Defendant SCHADE and Defendant SHIELDS in the course

and scope of their employment as police officers for Defendant CITY OF FORT LAUDERDALE.

126.    As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

127.    As a further direct and proximate result of the conduct of Defendant CITY OF FORT

LAUDERDALE, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life,

expense of hospitalization, and medical care and treatment. The losses are either permanent or

continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Cost of suit;

iii.    Trial by jury as to all issues so triable; and

iv.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIII
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT SCHADE, INDIVIDUALLY

For his cause of action against Defendant SCHADE, individually, in Count XIII, Plaintiff states:

128.    Plaintiff realleges and adopts, as if fully set forth in Count XIII, the allegations of paragraphs 1 through 64.

129.    Defendant SCHADE, individually, and Defendant SHIELDS, individually, by direct act or indirect procurement, personally participated in or proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

130.    The conduct of Defendant SCHADE, individually, constitutes false arrest/false imprisonment of Plaintiff under Florida law.

131.    Alternatively to the allegations set forth in Count XII, if the false arrest/false imprisonment of Plaintiff by Defendant SCHADE occurred outside the course and scope of her employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant SCHADE in her individual capacity.

132.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

133.    As a further direct and proximate result of the conduct of Defendant SCHADE, individually, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life,

expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.   Cost of suit;

    iv.   Trial by jury as to all issues so triable; and

    v.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XIV**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT SHIELDS, INDIVIDUALLY**

For his cause of action against Defendant SHIELDS, individually, in Count XIV, Plaintiff states:

134. Plaintiff realleges and adopts, as if fully set forth in Count XIV, the allegations of paragraphs 1 through 64.

135. Defendant SHIELDS, individually, and Defendant SCHADE, individually, by direct act or indirect procurement, personally participated in or proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

136. The conduct of Defendant SHIELDS, individually, constitutes false arrest/false imprisonment of Plaintiff under Florida law.

137. Alternatively to the allegations set forth in Count XII, if the false arrest/false imprisonment of Plaintiff by Defendant SHIELDS occurred outside the course and scope of her employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant SHIELDS in her individual capacity.

138.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

139.    As a further direct and proximate result of the conduct of Defendant SHIELDS, individually, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XV
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT
## CITY OF FORT LAUDERDALE

For his cause of action against Defendant CITY OF FORT LAUDERDALE in Count XV, Plaintiff states:

140.    Plaintiff realleges and adopts, as if fully set forth in Count XV, the allegations of paragraphs 1 through 64.

141.    The use of force by Defendant SCHADE, Defendant SHIELDS, Defendant HIGGINS, and Defendant TROIANO towards Plaintiff was objectively unreasonable and unnecessary for Defendant SCHADE Defendant SHIELDS, Defendant HIGGINS, and Defendant TROIANO to defend themselves or any other person from bodily harm during the arrest of Plaintiff,

and resulted, as Defendant SCHADE, Defendant SHIELDS, Defendant HIGGINS, and Defendant TROIANO reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

142.    The battery/unnecessary use of force by Defendant SCHADE, Defendant SHIELDS, Defendant HIGGINS, and Defendant TROIANO towards Plaintiff occurred during the course and scope of their employment as a police officers for Defendant CITY OF FORT LAUDERDALE.

143.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

144.    As a further direct and proximate result of the conduct of Defendant CITY OF FORT LAUDERDALE, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Cost of suit;

    iii.    Trial by jury as to all issues so triable; and

    iv.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XVI
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT SCHADE

For his cause of action against Defendant SCHADE, individually, in Count XVI, Plaintiff states:

145.    Plaintiff realleges and adopts, as if fully set forth in Count XVI, the allegations of paragraphs 1 through 64.

146.     The use of force by Defendant SCHADE, individually, towards Plaintiff was objectively unreasonable and unnecessary for Defendant SCHADE to defend herself or any other person from bodily harm during the arrest of Plaintiff, and resulted, as Defendant SCHADE reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

147.     Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use of force against Plaintiff by Defendant SCHADE, individually, occurred outside the course and scope of her employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant SCHADE in her individual capacity.

148.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

149.     As a further direct and proximate result of the conduct of Defendant SCHADE, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

     i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.    Cost of suit;

     iv.    Trial by jury as to all issues so triable; and

     v.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XVII**

## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT SHIELDS

For his cause of action against Defendant SHIELDS, individually, in Count XVII, Plaintiff states:

150.    Plaintiff realleges and adopts, as if fully set forth in Count XVII, the allegations of paragraphs 1 through 64.

151.    The use of force by Defendant SHIELDS, individually, towards Plaintiff was objectively unreasonable and unnecessary for Defendant SHIELDS to defend herself or any other person from bodily harm during the arrest of Plaintiff, and resulted, as Defendant SHIELDS reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

152.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use of force against Plaintiff by Defendant SHIELDS, individually, occurred outside the course and scope of her employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant SHIELDS in her individual capacity.

153.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

154.    As a further direct and proximate result of the conduct of Defendant SHIELDS, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

      iii.     Cost of suit;

      iv.     Trial by jury as to all issues so triable; and

      v.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XVIII**
**BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT HIGGINS**

For his cause of action against Defendant HIGGINS, individually, in Count XVIII, Plaintiff states:

155.    Plaintiff realleges and adopts, as if fully set forth in Count XVIII, the allegations of paragraphs 1 through 64.

156.    The use of force by Defendant HIGGINS, individually, towards Plaintiff was objectively unreasonable and unnecessary for Defendant HIGGINS to defend himself or any other person from bodily harm during the arrest of Plaintiff, and resulted, as Defendant HIGGINS reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

157.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use of force against Plaintiff by Defendant HIGGINS, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant HIGGINS in his individual capacity.

158.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

159.    As a further direct and proximate result of the conduct of Defendant HIGGINS, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will

suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.   Cost of suit;

    iv.   Trial by jury as to all issues so triable; and

    v.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XIX**
**BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT TROIANO**

For his cause of action against Defendant TROIANO, individually, in Count XIX, Plaintiff states:

160.    Plaintiff realleges and adopts, as if fully set forth in Count XIX, the allegations of paragraphs 1 through 64.

161.    The use of force by Defendant TROIANO, individually, towards Plaintiff was objectively unreasonable and unnecessary for Defendant TROIANO to defend himself or any other person from bodily harm during the arrest of Plaintiff, and resulted, as Defendant TROIANO reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

162.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use of force against Plaintiff by Defendant TROIANO, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant TROIANO in his individual capacity.

163.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

164.     As a further direct and proximate result of the conduct of Defendant TROIANO, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.    Judgment for exemplary damages;

     iii.   Cost of suit;

     iv.   Trial by jury as to all issues so triable; and

     v.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XX
## MALICIOUS PROSECUTION AGAINST DEFENDANT SCHADE, INDIVIDUALLY

For his cause of action against Defendant SCHADE, individually, in Count XX, Plaintiff states:

165.     Plaintiff realleges and adopts, as if fully set forth in Count XX, the allegations of paragraphs 1 through 64.

166.     No reasonably cautious police officer in the position of Defendant SCHADE would have believed Plaintiff was guilty-in-fact of any criminal offense.

167.     Defendant SCHADE proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice, and in the absence of probable cause that Plaintiff committed any criminal offense, by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

168.     At all times material hereto, Defendant SCHADE knew that her police reports would

be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

169.    The conduct of Defendant SCHADE was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

170.    The criminal proceedings instituted and/or continued by Defendant SCHADE reached a bona fide resolution in Plaintiff's favor.

171.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

172.    As a further direct and proximate result of the conduct of Defendant SCHADE, Plaintiff suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life.  Plaintiff was also required to pay a criminal defense attorney a reasonable fee for his services in defense of the criminal charge commenced and/or continued against him, in violation of Plaintiff's rights.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    b.    Judgment for exemplary damages;

    c.    Cost of suit;

    d.    Trial by jury as to all issues so triable; and

    e.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XXI**
**MALICIOUS PROSECUTION AGAINST DEFENDANT SHIELDS, INDIVIDUALLY**

For his cause of action against Defendant SHIELDS, individually, in Count XXI, Plaintiff states:

173.   Plaintiff realleges and adopts, as if fully set forth in Count XXI, the allegations of paragraphs 1 through 64.

174.   No reasonably cautious police officer in the position of Defendant SHIELDS would have believed Plaintiff was guilty-in-fact of any criminal offense.

175.   Defendant SHIELDS proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice, and in the absence of probable cause that Plaintiff committed any criminal offense, by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

176.   At all times material hereto, Defendant SHIELDS knew that her police reports would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

177.   The conduct of Defendant SHIELDS was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

178.   The criminal proceedings instituted and/or continued by Defendant SHIELDS reached a bona fide resolution in Plaintiff's favor.

179.   As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

180.   As a further direct and proximate result of the conduct of Defendant SHIELDS, Plaintiff suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life.  Plaintiff was also required to pay a criminal defense attorney a reasonable fee for his services in defense of the criminal charge commenced and/or continued against him, in violation of Plaintiff's

rights.   Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

b.      Judgment for exemplary damages;

c.      Cost of suit;

d.      Trial by jury as to all issues so triable; and

e.      Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

181.    Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this ___29th___ day of October, 2015.

By:___s/. Hugh L. Koerner_____
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 522-1235
Facsimile:  (954) 522-1176
**Attorneys for Plaintiff Michael Cunniff**